UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FG LA LLC | CIVIL ACTION NO. |
| VERSUS | |
| | JUDGE: |
| INCLUSIVE LOUISIANA, LOUISIANA BUCKET BRIGADE, RISE ST. JAMES LOUISIANA | MAGISTRATE JUDGE: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff FG LA LLC, by and through the undersigned attorneys, as its Complaint for Declaratory Judgment against Defendants Inclusive Louisiana, Louisiana Bucket Brigade, and Rise St. James Louisiana, states as follows:

**INTRODUCTION**

1. This action for declaratory judgment pursuant to 28 U.S.C. § 2201 seeks a declaration concerning the respective rights and obligations of FG and Defendants with respect to property owned by FG in St. James Parish, Louisiana, that includes an unmarked burial site within that property (referred to as the "Buena Vista" site or cemetery). Specifically, FG seeks to confirm that allowing Defendants access to the Buena Vista site, which is on the border of the property, does not require FG to allow the public unfettered access to the remainder of its property, and that FG can take reasonable safety and security measures to obtain advance notice as to who and how many people will access its property to attend events at the Buena Vista site. FG also seeks to confirm what is required and appropriate with respect to Defendants' stated intent to lay headstones or markers within the Buena Vista site that would name individuals, given that the identities and ethnicities of the remains are unknown.

1

#103468947v1

2.    Archeological investigations of the Buena Vista site have found the presence of unidentified human remains and indicia of burial shafts. However, these remains have not been exhumed, their racial or ethnic identity has not been confirmed, nor has any individual been confirmed to be buried within the Buena Vista site. In addition, the Buena Vista site extends across the FG property and into a neighboring parcel. An active gas pipeline owned by a third party runs across the Buena Vista site on the border of the neighboring parcel. As a result of these investigations, and due to the location of the Buena Vista site, FG, in cooperation with state and federal regulators, has placed a "three-sided" fence around the portion of the site located on its property. The presence of the pipeline on the property boundary means that FG cannot fully enclose the portion of Buena Vista site on its property.

3.    Named Defendants have previously sought, and been granted, access to the Buena Vista site within FG's property on several occasions. However, the Buena Vista site is not readily accessible from public roads. Permitted visitors must walk along an unmaintained dirt field road for over half of a mile and traverse natural growth and vegetation to reach the Buena Vista site.

4.    Starting in Spring 2023, FG requested that Defendants let FG know in advance of planned visits to the Buena Vista site who and how many people would attend. Such advance notice became necessary after some of the Defendants' attempts to stage public protests on FG property adjacent to the Buena Vista site, including attempting to bring flatbed trucks, billboards, and sound amplifiers onto FG's property. In addition, certain attendees made verbal and physical threats to FG security personnel. These actions led to agreements by Defendants and their counsel that they would provide FG with notice of attendees and attendance numbers prior to any event FG agreed to allow at the Buena Vista site.

5. Now, Defendants have indicated their intent to hold an event at the Buena Vista site that would be (a) advertised, (b) open to the public, and (c) involve laying headstones and/or markers purporting to identify specific individuals buried within the Buena Vista site. Defendants have indicated they will file a lawsuit if FG does not agree to these conditions. While FG remains willing to provide access to the Buena Vista site as it has done previously, it cannot agree to these additional conditions and is concerned about agreeing to allow the placing of headstones and/or markers for specific individuals when none of the remains have been identified, even as to ethnicity.

## PARTIES

6. Plaintiff FG LA LLC ("FG") is a Louisiana limited liability company. FG LA's single member is FG Inc., which is a corporation incorporated in Delaware with its principal place of business in a foreign state (Taiwan). Therefore, for purposes of diversity jurisdiction, FG LA is a citizen of Delaware and a foreign citizen.

7. Defendant Inclusive Louisiana ("Inclusive") is a non-profit corporation incorporated in Louisiana with its principal place of business in Louisiana. Therefore, for purposes of diversity jurisdiction, Inclusive is a citizen of Louisiana. On December 20, 2024, Inclusive requested access to the Buena Vista site to hold a public event on February 23, 2025, for the stated purpose of laying headstones and/or markers for specific individuals within the Buena Vista site. Inclusive also commissioned a report, entitled "Buried at Buena Vista," which it contends supports the laying of the specific headstones and/or markers within the Buena Vista site.

8. Defendant Louisiana Bucket Brigade ("LBB") is a non-profit corporation incorporated in Louisiana with its principal place of business in Louisiana. Therefore, for purposes of diversity jurisdiction, Louisiana Bucket Brigade is a citizen of Louisiana. LBB, along with

Inclusive, commissioned a report, entitled "Buried at Buena Vista," which it contends supports the laying of the specific headstones and/or markers within the Buena Vista site.

9. Defendant Rise St. James Louisiana ("Rise") is a non-profit corporation incorporated in Louisiana with its principal place of business in Louisiana. Therefore, for purposes of diversity jurisdiction, Rise is a citizen of Louisiana. Rise has previously sought and received access to the Buena Vista site, and, on information and belief, intends to visit the Buena Vista site alongside Inclusive.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this dispute arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. *First*, there is complete diversity between the parties for purposes of diversity jurisdiction. On one hand, FG LA is a citizen of Delaware and a foreign citizen (Taiwan) for purposes of diversity jurisdiction because it is a limited liability company and its sole member, FG Inc., is a corporation incorporated in Delaware with its principal place of business in Taiwan because it is a holding company whose board meetings are held in Taiwan and it is not directed from somewhere else. On the other hand, Defendants are citizens of Louisiana because they are non-profit corporations incorporated in Louisiana with their principal places of business in Louisiana.

12. *Second*, the amount in controversy exceeds $75,000 because the current assessed value of FG's property—specifically, St. James Parish Parcel Nos. 0500034900, 0500085350 0500006000, and 0500069700—and associated possible improvements and upkeep at issue in this action, total more than $75,000. The purchase prices paid by FG for the parcels in October of

2018 total approximately $112,000,000. Further, Defendants' requests, if permitted, will impair FG's use of the property and require FG to expend substantial additional amounts of money to improve and maintain the property leading to the Buena Vista site and also maintain security to prevent visitors at the Buena Vista site from otherwise venturing into other areas of the FG property and a third-party owned pipeline that traverses the site along its border with a neighboring parcel. Such maintenance and security costs will exceed $75,000 and could continue indefinitely.

13. This Court has authority to grant FG declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, 2202.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to this declaratory judgment action occurred in this district; specifically, in St. James Parish, Louisiana.

## FACTUAL ALLEGATIONS

**A. The Sunshine Project**

11. FG has proposed to construct the Sunshine Project, a large chemical manufacturing complex on a tract of land known as the Mosaic-Gavilon site, which is located along the Mississippi River in St. James Parish, Louisiana, in an area just south of the Sunshine Bridge from which it gets its name.

12. St. James Parish has designated FG's property for industrial use, including the same industrial uses that FG proposes to undertake at the proposed facility. In fact, the St. James Parish Council unanimously approved FG's proposed facility at this site.

13. The Sunshine Project is a state-of-the-art facility that will transform ethane and propane gases into the building blocks of everyday goods such as drainage and water supply pipes, playground equipment, car parts, computer casings, and infant car seats.

5

#103468947v1

14. In June of 2017, FG and the State of Louisiana entered into a cooperative endeavor agreement with respect to the proposed facility, in which the State represented that it had obtained an economic impact analysis establishing that the project would result in a positive return on the State's investment regarding tax revenues and other economic development benefits.

15. In October of 2018, FG purchased about 3,000 acres of land (St. James Parish Parcel Nos. 0500034900, 0500085350 0500006000, and 0500069700) for the proposed facility.

16. On January 6, 2020, the Louisiana Department of Environmental Quality ("LDEQ") issued air permits to FG for the facility. Defendants Rise and LBB were plaintiffs in a state court action entitled *Rise St. James v. Louisiana Department of Environmental Quality*, No. 694,029, 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, challenging LDEQ's decision to issue the air permits. While the district court ruled against the permits in a judgment dated September 12, 2022, the Louisiana First Circuit Court of Appeal later reversed and upheld FG's air permits in a ruling dated January 19, 2024. *See Rise St. James v. La. Dep't of Envtl. Quality*, 2023-0578 (La. App. 1 Cir. 01/19/2024), 383 So.3d 956, *writ denied*, 2024-C-00351 (La. 09/04/2024), 391 So. 3d 1060. The permits remain valid.

**B. The Buena Vista Site on FG's Property**

17. In the spring of 2017, FG contracted with an environmental consulting firm to conduct a comprehensive archaeological survey of the property to evaluate it for the presence of cultural resources.

18. FG provided the firm's report to the Louisiana State Historic Preservation Office ("SHPO") for review, and the SHPO requested additional investigation of two sites identified in the survey after determining that no other sites on the property were eligible for listing on the National Register of Historic Places.

#103468947v1

19. FG then arranged for the requested additional investigations of the remaining two sites within the property.

20. The SHPO reviewed the results of the additional investigations and determined that the remaining two sites were not eligible for nomination to the National Register of Historic Places.

21. In August of 2018, after these archaeological surveys were completed, the Louisiana Division of Archaeology informed FG that an outside researcher had provided an 1878 map depicting the possible location of the "Buena Vista" cemetery on the property, which had not been specifically investigated as part of the prior cultural-resources surveys.

22. The former Buena Vista site is located at the edge of FG's property, as depicted in red on this exhibit from the administrative record filed in *Center for Biological Diversity v. U.S. Army Corps. of Engineers*, 1:20-cv-000103 (D.D.C.) at Doc. 50-5 (filed Sept. 1, 2020):



#103468947v1

23. In early 2019, after seeking and obtaining a permit from the relevant State officials to allow for study of this possible cemetery, FG had investigators survey the Buena Vista site "to fully delineate the extent[] of the cemetery."

24. The investigators found that the Buena Vista site had been heavily disturbed by "previous agriculture, field and canal construction, maintenance, [] use, and pipeline construction," but "much of the cemetery remains intact." All of this reported activity occurred before FG owned the property. Based on their findings, the investigators noted that "the cemetery appears to be utilized in the nineteenth to early twentieth century."

25. Further, the "absence of verifiable indications (headstones or through archival research) of who was buried in the cemetery" led them to believe that "it could have been a slave cemetery associated with the Buena Vista Plantation," or Civil War graves, because the Buena Vista plantation "was the focus of intense fighting" for a time.

26. Based on their findings, the investigators recommended that FG place additional fencing around the site to encompass the boundaries found during the survey.

27. FG accordingly prepared a "fencing plan" to protect the Buena Vista site and submitted the plan to the SHPO.

28. The SHPO reviewed the results of the investigation of the Buena Vista site and the proposed fencing plan, and informed FG on July 2, 2019, that it "concur[red] that the Buena Vista cemetery has been located and defined" and "agree[d] with the proposed fencing plan for preserving and protecting the cemetery."

29. In coordination with state officials, FG has fenced off the Buena Vista site within its property to prevent disturbance of it and has remained committed to protecting and preserving it. The fence is depicted in blue on this exhibit from the administrative record filed in *Center for*

*Biological Diversity v. U.S. Army Corps. of Engineers*, 1:20-cv-000103 (D.D.C.) at Doc. 50-5 (filed Sept. 1, 2020):



30. The fence was erected in consultation with SHPO and the U.S. Army Corps of Engineers. The fence remains in place on FG's property and the unknown burials on the Buena Vista site remain protected and in place.

31. To date, FG's retained archaeologists (as well as the State) have not determined the identities of the interred individuals or even their races or ethnicities.

**C. June 2020: Defendants' State Court Action**

32. In 2020, Rise requested access to the Buena Vista site on FG's property for a Juneteenth visit in June 2020.

33. Ultimately, the parties' negotiations for access were unsuccessful, and FG declined Rise's request on safety grounds and other grounds, including concerns with a pipeline right-of-way that also embraces a portion of the site.

9

#103468947v1

34. On June 15, 2020, Rise filed an action entitled *Rise St. James and Sharon Lavigne v. FG LA LLC*, No. 39,963, 23rd Judicial District Court, Parish of St. James, State of Louisiana, seeking access to the burial site on June 19, 2020.

35. On the afternoon of June 15, 2020, the district court granted Plaintiffs' motion for a temporary restraining order without conducting a hearing, despite FG's requests to be heard. The Louisiana Fifth Circuit Court of Appeal denied FG's requests for supervisory review. *Rise St. James and Sharon Lavigne v. FG LA LLC*, 20-C-192 (La. App. 5 Cir. 6/18/20).

**D.  February 2021 – 2024: FG Accommodates Defendants' Requests for Access**

36. In February of 2021, FG accommodated Rise's request to hold a Black History Month event on FG's property near the Buena Vista site. Unbeknownst to FG when it agreed to the request, Rise advertised the event in the newspaper and on social media as open to the public without notifying FG. This presented safety and security concerns, because attendees had to first traverse unmaintained portions of the FG property, including an unpaved field road, and FG did not maintain internal security to restrict attendees' access to other portions of the FG property. FG did not agree that Rise's event could be open to the public. At this event, certain attendees made verbal and physical threats to FG personnel onsite.

37. On May 4, 2021, counsel for Rise emailed counsel for FG to request access to the Buena Vista site on FG's property for the purpose of holding a non-public Juneteenth commemoration and ceremony. FG agreed to accommodate the request. However, once again, Rise advertised the event in the newspaper and on social media as open to the public without FG's knowledge or consent. FG did not agree that Rise's event could be open to the public. The event was ultimately postponed by Rise due to weather conditions.

38. On December 8, 2022, counsel for Rise, who also represent LBB and Inclusive, emailed counsel for FG to inquire "about access to the Buena Vista Cemetery on April 26, 2023 from about 1-2:30 p.m. for an educational/awareness-raising event." Counsel for Rise subsequently confirmed to counsel for FG that Rise expected "15 individuals to be in attendance" for a "closed gathering" and "[t]here will be no invites on social media or other public channels." FG agreed to accommodate Rise's request subject to attendees signing a sign-in sheet upon their arrival at the event. Rise agreed to the sign-in sheet. The event went forward on April 26, 2023 as agreed.

39. For more than 18 months thereafter, Defendants did not request access to the Buena Vista site. During Defendants' inactivity, FG's and LDEQ's appeals of the state district court judgment vacating FG's air permits in *Rise St. James v. Louisiana Department of Environmental Quality*, 2023-0578 (La. App. 1 Cir. 01/19/2024), 383 So.3d 956, *writ denied*, 2024-C-00351 (La. 09/04/2024), 391 So. 3d 1060, were pending at the Louisiana First Circuit Court of Appeal. *See supra,* para. 16. Ultimately, the Court of Appeal reinstated FG's permits. *Id.* The Louisiana Supreme Court denied Rise and LBB's petitions for review on September 4, 2024. *See id.* Three months later, Defendants resumed their requests for access to the Buena Vista site.

**E. The Current Controversy Between the Parties: Inclusive Seeks Access to Advertise and Lay Headstones**

40. On December 20, 2024, counsel for Inclusive emailed counsel for FG to request access to the Buena Vista site for the purpose of holding an advertised, open to the public, ceremony on February 23, 2025, at which Inclusive proposes to lay headstones and/or markers to commemorate the burial of specific individuals Inclusive states are buried at the Buena Vista site.

41. Inclusive's counsel asked for FG to confirm whether they would agree to this by January 15th, so that they could take the necessary steps to seek authorization in court, if necessary. Counsel subsequently extended this deadline until January 23, 2025.

42. On January 23, 2025, FG offered to provide access consistent with the prior agreement it reached with Inclusive's counsel for access by Rise in April 2023, but stated that it could not comply with Inclusive's request to place individual headstones at the site, given that the identities (including ethnicities) of the remains are still unknown.

## COUNT 1: DECLARATORY JUDGMENT

43. FG incorporates all the foregoing paragraphs as if fully set forth herein.

44. Inclusive seeks access to the Buena Vista site located on FG's property for the purpose of holding an advertised public ceremony to lay five specific headstones on the property. On information and belief, LBB and Rise also intend to participate.

45. FG remains willing to provide access consistent with the prior agreement FG reached with Inclusive's counsel in April 2023.

46. However, for safety and security reasons, FG cannot agree to allow an unknown number of unidentified individuals to have unfettered access to FG property in order to access the Buena Vista site. That unrestricted access poses safety concerns due to the unmaintained state of the field road. Moreover, FG would need to institute additional security to prevent the unknown and unidentified individuals from roaming about the remainder of FG's property.

47. In addition, Inclusive seeks to lay specific headstones within the Buena Vista site despite the fact that there is no proof that any of the individuals Inclusive has identified are buried within the Buena Vista site on FG's property.

48.     If Inclusive is allowed to lay these headstones – without any confirmation of the identity or ethnicity of the remains in the Buena Vista site – it risks (a) misidentifying the remains in the Buena Vista Site, (b) misidentifying the burial location of the individuals Inclusive has identified in its research, and (c) implying that FG has corroborated Inclusive's research and the identities of the remains at the Buena Vista site have been identified.

49.     Due to Inclusive's demand and threat of litigation, there is a real and actual controversy between the parties.

50.     FG seeks a declaratory judgment to resolve and bring finality to the present dispute about the rights and obligations of the parties with respect to the terms and conditions under which Defendants, and others, may access the Buena Vista site, and whether Defendants may place headstones, markers, or other permanent improvements within the Buena Vista site.

51.     FG remains willing to adhere to the parties' terms previously negotiated and agreed to in April 2023 without litigation.  The declaration of rights sought herein is only necessitated by Inclusive's insistence that it will litigate the dispute if it cannot advertise to the public and lay specific headstones.

WHEREFORE, FG respectfully requests that this Court enter judgment declaring (1) that allowing Defendants access to the Buena Vista site does not require FG to allow the public unfettered access to the remainder of its property, (2) that FG can take reasonable safety and security measures to obtain advance notice as to who and how many people will access its property to attend events at the Buena Vista site, (3) what is required and appropriate in order to address Defendants' stated intent to lay specific headstones or markers within the Buena Vista site, and (4) granting all other additional relief that is just and equitable.

Dated: January 24, 2025.                    Respectfully submitted:

/s Brett S. Venn
Michael C. Drew (La. Bar No. 30884)
Brett S. Venn (La. Bar No. 32954)
JONES WALKER LLP
201 St. Charles Ave., 49th Floor
New Orleans, Louisiana 70170
Telephone (504) 582-116
Facsimile (504) 589-8116
Email: mdrew@joneswalker.com
          bvenn@joneswalker.com

Lauren Foshee Morrison (La. Bar No. 40775)
JONES WALKER LLP
445 North Boulevard, Suite 800
Baton Rouge, Louisiana 70802
Tel:        (225) 248-2016
Fax:        (225) 248-3016
Email:      lmorrison@joneswalker.com

***Attorneys for FG LA LLC***